**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA RANDOLPH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br><br>PLEASANT VALLEY STATE PRISON,<br><br>　　　　　Respondent. | Case No. 1:13-cv-00924-SKO-HC<br><br>ORDER DISMISSING PETITIONER'S CLAIMS CONCERNING CONDITIONS OF CONFINEMENT WITHOUT LEAVE TO AMEND (DOCS. 1, 9)<br><br>ORDER DISMISSING THE REMAINDER OF THE PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOCS. 1, 9)<br><br>ORDER DISMISSING AS MOOT PETITIONER'S REQUEST FOR RELIEF ON THE MERITS (DOC. 11)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in writing

1

signed by Petitioner and filed by Petitioner on July 3, 2013. Pending before the Court is the petition, which was filed on May 28, 2013, and transferred to this Court on June 18, 2013, as well as a supplement to the petition filed on June 17, 2013.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.

2001).  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Pleasant Valley State Prison (PVSP) serving a sentence imposed upon Petitioner's violation of probation.  (Pet., doc. 1, 1-2.)  Petitioner complains that his release date has been incorrectly calculated because probation credits were not added, and he also challenges the quality of his counsel's representation.  (Id. at 2.)  Petitioner alleges claims based on double jeopardy and due process of law.

In the supplement, Petitioner alleges that the miscalculation of his sentence has resulted in cruel and unusual punishment.  (Doc. 9, 1.)  Petitioner further alleges that the miscalculation constituted fraud, conspiracy, theft, and extortion, for which Petitioner seeks almost $500,000.00 in damages.  (Id. at 6.)

II.  Claims concerning Conditions of Confinement

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or

3

duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Here, Petitioner alleges that the action of the California Department of Corrections and Rehabilitation (CDCR) in failing properly to calculate his sentence, and in informing Petitioner that he must seek relief from the courts, has resulted in Petitioner's suffering fraud, theft, conspiracy, and extortion, for which he seeks damages. As such, Petitioner is not challenging a conviction or sentence; he is instead challenging the conditions of his confinement for which he is not entitled to habeas corpus relief.

Accordingly, to the extent that Petitioner is seeking damages for complaints concerning his conditions of confinement, the petition must be dismissed without leave to amend.

III.   Failure to Exhaust State Court Remedies

Insofar as Petitioner's claims address the duration of his confinement, a petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518

4

1  (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).
2      A petitioner can satisfy the exhaustion requirement by
3  providing the highest state court with the necessary jurisdiction a
4  full and fair opportunity to consider each claim before presenting
5  it to the federal court, and demonstrating that no state remedy
6  remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971);
7  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court
8  will find that the highest state court was given a full and fair
9  opportunity to hear a claim if the petitioner has presented the
10 highest state court with the claim's factual and legal basis.
11 Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v.
12 Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as
13 stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).
14     Additionally, the petitioner must have specifically told the
15 state court that he was raising a federal constitutional claim.
16 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
17 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v.
18 Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d
19 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme
20 Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due

5

> process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in

abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner states he did not appeal the sentence or calculation of his release date, and did not file any habeas petitions in any state court with respect to this judgment. (Pet., doc. 1, 3.) He states he did not raise his claim before the California Supreme Court in a petition for review on direct appeal or in a habeas petition. (Id. at 6.) Petitioner further states that he has no petitions now pending in any state court with respect to the judgment. (Id. at 7.) Thus, Petitioner admits that he has not exhausted state court remedies as to any of the claims stated in the petition before the Court.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Here, Petitioner's petition is premature because Petitioner admits that he has not submitted his claim or claims to the California Supreme Court for a ruling. Therefore, Petitioner has failed to meet his burden to establish exhaustion of state court


remedies. The petition will be dismissed without prejudice [1] for Petitioner's failure to exhaust state court remedies.

### IV. Request for Relief

On July 3, 2013, Petitioner filed a request for credit on the sentence he received when he was found to have been in violation of his probation. In the context of the present action, Petitioner's request for credit amounts to a request for relief on the merits.

However, in view of Petitioner's failure to exhaust state court remedies as to his claim or claims concerning the duration of his confinement, Petitioner's petition must be dismissed without prejudice. Accordingly, Petitioner's request for relief on the merits of his petition will be dismissed as moot.

### V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. See, In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held as follows:

> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of both exhausted and unexhausted claims, the petition may be dismissed with prejudice.

8

from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, an applicant need not show the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial

9

of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

VI. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) Petitioner's claims concerning the conditions of his confinement are DISMISSED without leave to amend; and

2) The remainder of the petition is DISMISSED without prejudice for failure to exhaust state court remedies; and

3) Petitioner's motion for relief on the merits is DISMISSED as moot; and

4) The Court DECLINES to issue a certificate of appealability; and

5) The Clerk is DIRECTED to close the case because dismissal will terminate the proceeding in its entirety.

IT IS SO ORDERED.

Dated: __**July 15, 2013**__                     _____**/s/ Sheila K. Oberto**_____
                                                UNITED STATES MAGISTRATE JUDGE